UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN MARQUIS LEBARON,<br><br>             Plaintiff,<br><br>     vs.<br><br>MICHAEL R. SCHMITT and DEBRA BOND,<br><br>             Defendants. | NO.  CV-08-006-LRS<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION, DISMISSING ACTION AND DENYING *IN FORMA PAUPERIS* STATUS |

**BEFORE THE COURT** is Plaintiff's "Motion to Annul Order . . .," which the court liberally construes as a Motion for Reconsideration (Ct. Rec. 13).  A motion under Fed.R.Civ.P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*quoting Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Due to a clerical error, Plaintiff's Inmate Transaction Report, received on May 20, 2008, was not separately filed, *See* Ct. Rec. 8. Consequently, it was overlooked and the court's prior finding that Mr. LeBaron had not presented a copy of his prison account statement for

ORDER GRANTING MOTION FOR RECONSIDERATION AND DISMISSING ACTION -- 1

the preceding six months as required by 28 U.S.C. § 1915(a)(2) was in error.  Therefore, **IT IS ORDERED** Plaintiff's Motion (Ct. Rec. 13) is **GRANTED.**  The District Court Executive shall **re-open** this file and **STRIKE** the Order Denying *in forma pauperis* Status, Dismissing Action and Closing File (Ct. Rec. 12).

Nevertheless, Mr. LeBaron will not be permitted to proceed with this action.  Although Plaintiff has complied with the procedural requirements of the *in forma pauperis* statute, the court finds it lacks jurisdiction to consider Plaintiff's First Amended Complaint.

In essence, Plaintiff is challenging the Washington State court proceedings that deprived him of the custody of his son.  He accuses his ex-wife, social workers, a guardian ad litem appointed to his son, clinical psychologists, a child therapist, mental health providers, educators and his attorney of engaging in a "conspiracy of mass cult hysteria" to "assassinate Plaintiff's character" and deprive him of rights during his son's dependency proceedings, as well as termination of his parental rights.

As stated in the court's previous Order, a federal court is not a forum for appealing state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).  Because "federal review of state court decisions is entrusted solely to the Supreme Court, [the lower federal courts] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Wood v. Orange County*, 715 F.2d 1543, 1546 (11th Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984).  This "bar" also "operates where the plaintiff fails to raise

ORDER GRANTING MOTION FOR RECONSIDERATION AND DISMISSING ACTION -- 2

his federal claims in state court." *Id.*  This court lacks jurisdiction to hear a § 1983 claim that in essence seeks to reverse a state court's child custody determination.  *See Anderson v. State of Colorado*, 793 F.2d 262, 263-65 (10th Cir. 1986).  Therefore, **IT IS ORDERED** this action is **DISMISSED with prejudice** and Plaintiff's application to proceed *in forma pauperis* is **DENIED.  IT IS FURTHER ORDERED** any pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.

**DATED** this   10th   day of July, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR RECONSIDERATION AND DISMISSING ACTION -- 3