UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN MARQUIS LEBARON,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL R. SCHMITT, et al.,<br><br>  Defendants. | NO.  CV-08-006-LRS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

**BEFORE THE COURT** is Plaintiff's Motion For Reconsideration (Ct. Rec. 46).

Plaintiff asks this court to reconsider its September 29, 2008 "Order Denying Motion To Modify" (Ct. Rec. 45) in which the court declined to change its dismissal from one with prejudice, to one without prejudice.  " '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); see also *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present newly discovered evidence").  Such

**ORDER DENYING MOTION FOR RECONSIDERATION-    1**

motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); see *Keene Corp.*, 561 F. Supp. at 665-66. Plaintiff contends this court committed "clear error" in declining to modify its dismissal order and that this causes him a "manifest injustice."

This court continues to believe that the captioned action is one which essentially and effectively seeks to reverse ("collaterally attack") a state court's child custody determination. In his motion for reconsideration, Plaintiff acknowledges he is seeking redress for "the wrongful termination of his parental rights." This court did not commit a "clear error" in making that assessment. As such, for the reasons adequately explained in its "Order Denying Motion To Modify," dismissal of Plaintiff's action with prejudice is appropriate because his claims for violation of federal constitutional rights cannot be pursued in either federal or state court. It matters not that Plaintiff's action encompasses 42 U.S.C. Section 1985 and 1986 claims, in addition to a Section 1983 claim. Sections 1985 and 1986 are claims of conspiracy to violate the same federal constitutional rights that are the subject of the Section 1983 claim. This court did not commit a "clear error" in dismissing Plaintiff's action with prejudice, although, of course, the Plaintiff can seek to take the issue up on appeal to the Ninth Circuit Court of Appeals.

Plaintiff's Motion For Reconsideration (Ct. Rec. 46) is **DENIED**.

//
//
//
//

**ORDER DENYING MOTION FOR RECONSIDERATION-    2**

1   **IT IS SO ORDERED.** The District Court Executive is directed to enter
2   this Order and forward a copy to Plaintiff.
3       **DATED** this ___7th___ day of November, 2008.
4
5                           *s/Lonny R. Suko*
                    _____
6                           LONNY R. SUKO
                    UNITED STATES DISTRICT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
**ORDER DENYING MOTION
FOR RECONSIDERATION-        3**